## GENERAL FINANCE CORPORATION OF FLORIDA v. EMANUEL.

No. 107039.

Small Claims Court, Dade County.

July 29, 1963.

Glen Buhrmaster, Miami, for plaintiff.

Stuart Simon of Milledge, Rutledge, Milledge & Simon, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

*Memorandum decision:* Judgment is rendered in favor of plaintiff in the sum of $193.91, plus $15 costs. Under the law and the evidence defendant is liable in the amount stated.

Plaintiff finance company seeks recovery of a deficiency judgment in the sum of $371.96 under a motor vehicle sales contract. The evidence discloses the following material facts —

Defendant purchaser financed the purchase of a new automobile by a loan from plaintiff in the principal amount of $2,097.37. The contract between the parties also provided for a finance charge of $345.59. Defendant made 16 monthly payments under the contract in the amount of $67.86 each, and defaulted with 20 payments of the same amount due under the contract. Plaintiff, pursuant to the contract, repossessed the automobile and sold the same at public auction and received $700, which it credited to defendant's account. The 16 payments made by defendant (purchaser) amounted to a total of $1,085.76. Plaintiff admits that unearned insurance premiums under the contract amount to $117.70.

Under the Motor Vehicle Sales Finance Act plaintiff is entitled to finance charges on a new automobile of $8 per $100 per year.

Defendant's evidence (defendant's exhibit #1) established that plaintiff was entitled to charge $275.75 finance charges. Plaintiff offered no evidence to controvert defendant's computation of the finance charges.

The court takes judicial notice of Lake's Monthly Installment & Interest Tables, 5th Ed., 1959. Based upon the computations under the tables therein published, the court finds that defendant's computations are correct. Under §520.12 (2), F.S., a wilful violation of §520.08, F.S., by the lender bars the lender from recovering any finance charges, and delinquent or collection charges on the contract.

The court is aware of the general rule that where the interest, payable under a contract of loan or forebearance is *slightly* in excess of the maximum lawful rate for the period, as a result of rules of computation customarily adopted in similar transactions, for the purpose of avoiding complicated calculations or for other innocent reasons, such excess interest is not regarded as tainting a transaction with usury. 91 C.J.S., 621, §39.

However, the contract involved herein exceeds the lawful rate of interest that may be charged by $69.

"No evidence having been offered by way of explanation [by plaintiff-lender] the view that infraction was intended is justified." Shorr v. Skafte, Fla., 90 So.2d 604.

The legal effect of §520.12 (2) providing for penalty against lenders for wilfully exacting excessive finance charges is to make such contracts void as to such charges. The defendant is entitled to have all payments made under the contract credited to princi-

pal. The defendant is entitled, therefore, under this transaction to the following credits —

| | |
|---|---|
| Amount of payments | $1,085.76 |
| Sale price of vehicle (after default) | 700.00 |
| Unearned insurance premiums | 117.70 |
| Total credit to defendant | $1,903.46 |

Crediting this amount against the original principal sum loaned to defendant by plaintiff, the plaintiff is entitled to recover a deficiency of $193.91.